UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THUY BICH TRAN, et al.,

             Plaintiffs,

     v.

ALEJANDRO MAYORKAS, et al.,

             Defendants.

Case No. 22-cv-02983-HSG

**ORDER GRANTING PARTIES'
STIPULATED MOTION TO FILE
ADMINISTRATIVE RECORDS UNDER
SEAL**

Re: Dkt. No. 23

        Pending before the Court is Plaintiffs' administrative motion to seal.  Dkt. No. 23.  For the reasons detailed below, the Court **GRANTS** the motion.

## I.    LEGAL STANDARD

        Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."  *Id.* at 1178–79 (quotations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

1    scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*

2    *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records

3    may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

4    without more, compel the court to seal its records." *Id.*

5            The Court must "balance[] the competing interests of the public and the party who seeks to

6    keep certain judicial records secret.  After considering these interests, if the court decides to seal

7    certain judicial records, it must base its decision on a compelling reason and articulate the factual

8    basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5

9    supplements the compelling reasons standard set forth in *Kamakana*:  the party seeking to file a

10   document or portions of it under seal "must explore all reasonable alternatives to filing documents

11   under seal, minimize the number of documents filed under seal, and avoid wherever possible

12   sealing entire documents . . . ."  Civil L.R. 79-5(a).  The party must further explain the interests

13   that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive

14   alternative to sealing is not sufficient.  *See* Civil L.R. 79-5(c).

15           Records attached to nondispositive motions must meet the lower "good cause" standard of

16   Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only

17   tangentially related, to the underlying cause of action."  *See Kamakana*, 447 F.3d at 1179–80

18   (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm

19   will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

20   307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of

21   harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman*

22   *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.    DISCUSSION

24           Defendant's filings of administrative records are more than tangentially related to the

25   underlying cause of action, so the Court applies the "compelling reasons" standard.

26           The current sealing request, to which both parties have jointly stipulated, seeks to seal the

27   U.S. Citizenship & Immigration Services administrative records for three individuals - Thanh Huu

28   Ngoc Dang, Anh Ngoc Nhu Dang, and Khang Thanh Dang.  *See* Dkt. No. 23 at 1-2.  These

sensitive records include "banking statements, credit card bills, insurance papers, tax filings, and immigration filings[,]" and so contain "social security numbers, dates of birth, checking account information, credit card numbers, and other sensitive personal financial data." Dkt. No. 23 at 3.

The Court did not rely on any of the documents that are the subject of Defendant's administrative motion to seal, given that the parties stipulated to dismissal before the Court. *See* Dkt. No. 27. Thus, these documents are unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal given that the Court did not have occasion to rule on any motions related to them before the parties stipulated to dismissal. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on [the relevant motion]."). Accordingly, because the documents divulge confidential personal and financial information unrelated to the public's understanding of the judicial proceedings in this action, the Court finds that there is compelling reason to file the documents under seal. *See Economus v. City & Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding compelling reason to seal because the sealing request divulges sensitive information no longer related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information and irrelevance to the matter are compelling reasons to seal the exhibit).

## III.    CONCLUSION

The Court **GRANTS** Defendant's administrative motion to file under seal. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated:    9/25/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

3

United States District Court
Northern District of California